UNITED STATES DISTRICT COURT
SOUTH DISTRICT OF FLORIDA

**CASE NO.**

STACY HENRY,

      Plaintiff,

vs.

CITY OF MIAMI BEACH, FLORIDA,
a Florida municipal corporation,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, STACY HENRY ("HENRY"), sues Defendant, CITY OF MIAMI BEACH ("CITY"), and states:

**JURISDICTION AND PARTIES**

1.      This action seeks damages for violations of the Americans with Disabilities Act of 1990, as amended. 42 U.S.C. § 12101, et. seq.

2.      This claim arose in Miami-Dade County and thus venue is appropriate in this Court.

3.      Plaintiff, STACY HENRY, is a qualified individual with a disability and/or regarded as disabled.

4.      At all times material hereto, Plaintiff suffered from a disability, End Stage Renal Disease, or kidney failure, and/or was regarded as disabled. Her disability impacted her major life activities of cleansing her blood and removing her waste from her body as well as caring for herself.

5.      At all times material hereto, Plaintiff was employed by the Defendant, The CITY, as a Dispatcher until her termination effective July 31, 2023.

6.      At all times material hereto, Plaintiff was able to perform her job duties with or without reasonable accommodation.

7.      Defendant, The CITY, is a political subdivision of the State of Florida, and within the jurisdiction of this Court.

8.      Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory damages are sought pursuant to 42 U.S.C. § 12117 and 42 U.S.C. 2000e-5. Costs and attorney's fees may also be awarded pursuant to 42 U.S.C. § 2000e-5(k).

9.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

10.     Plaintiff has exhausted any and all available administrative remedies or doing so would be futile.  Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  Plaintiff's Determination and Notice of Rights were issued on July 29, 2024, a copy of which is attached hereto as Exhibit "A".

## FACTS COMMON TO ALL COUNTS

11.     Prior to her termination, Plaintiff had been employed by the Defendant for approximately 23 years and was working as a Police Dispatcher.

12.     In October 2022, Plaintiff began experiencing medical issues which reqirued her to be absent from work. As a result, Plaintiff was on approved medical leave through June 2023.

13.     While Plaintiff was on approved medical leave, she was required to attend a Fitness For Duty with a City-appointed Physician. This Fitness For Duty was conducted on June 29, 2023 via telephone.

14.     Defendant's appointed Physician asserted that Plaintiff was not Fit-for-Duty to work

as a Police Dispatcher.

15.     Plaintiff then provided documentation from her treating physicians indicating that she was undergoing a procedure, would have numerous medical appointments during August 2023, but that she could return to work as a Police Dispatcher with reasonable accommodations effective September 5, 2023. Plaintiff was requesting this additional leave as an accommodation to allow her to return to work.

16.     On or about July 21, 2023, Plaintiff was advised that she would be terminated effective July 31, 2023 if she was not able to return to work based on a Fitness For Duty report from the City Physician. There was no consideration of Plaintiff's requested accommodations as noted above.

17.     In lieu of affording Plaintiff the additional month after the City's deadline to return to work effective September 5, 2023 with reasonable accommodations, the City required her to seek another position with the City for which she was qualified.

18.     Despite Plaintiff identifying several positions for which she was qualified, the City failed to place her in any of these alternative positions and otherwise failed to provide any reasonable accommodations to Plaintiff.

19.     Plaintiff was then terminated effective August 1, 2023.

20.     Other similarly situated employees who were not disabled, perceived as disabled, or who had not requested accommodations, were not treated in the same discriminatory manner as Plaintiff.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### Failure to Accommodate

21.     Plaintiff repeats and realleges paragraphs 1 through 20 as if stated herein in full.

22.      Plaintiff, a qualified individual with a disability, requested, and Defendant failed to provide, a reasonable accommodation.  Defendant has discriminated against Plaintiff in violation of the Americans with Disabilities Act.  Moreover, there is no valid basis for Defendant's failure to engage in the interactive process with Plaintiff regarding her requested accommodations of additional time and/or reinstatement with accommodations.

23.       Plaintiff asserts that there is no valid basis for Defendant to deny her request for an accommodation.

24.      As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demand judgment for damages against Defendant, including but not limited to the following:

a.      a declaration that the acts and practices complained of herein are a violation of the Americans with Disabilities Act;

b.      enjoining and permanently restraining these violations of the Americans with Disabilities Act;

c.      directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.      compensatory damages for past, present and future mental anguish, pain and suffering,

and humiliation caused by the intentional discrimination;

      e.     awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Americans with Disabilities Act and Title VII;

      f.     trial by jury; and

      g.     such other relief as the court deems proper.

## COUNT II-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### Disability Discrimination

25.     Plaintiff repeats and realleges paragraphs 1 through 20 as if stated herein in full.

26.     Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act.  Defendant has discriminated against Plaintiff in violation of the Americans with Disabilities Act.

27.     Specifically, on or about July 31, 2023, Plaintiff was terminated from her position of Police Dispatcher with the Defendant when it continued to deny her accommodation request.  At the time of her termination, no reasonable basis for her termination was provided, nor does one exist.

28.     Other employees of Defendant, who are not disabled, or who have not requested an accommodation have not been accused of low productivity and have not been constructively terminated.

29.     As a result, Plaintiff has been subjected to discrimination on the basis of her disability, in violation of the Americans with Disabilities Act.

30.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the

form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a.      a declaration that the acts and practices complained of herein are in violation of the Americans with Disabilities Act;

b.      enjoining and permanently restraining these violations of the Americans with Disabilities Act;

c.      directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.      compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.      awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the Americans with Disabilities Act;

f.      trial by jury; and

g.      such other relief as the court deems proper.

## COUNT III -VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### "Regarded as" Disability Discrimination

30.     Plaintiff repeats and realleges paragraphs 1 through 20 as if stated herein in full.

31.     On or about July 31, 2023, Plaintiff was terminated from her position of Police Dispatcher with the Defendant.  At the time of her termination, no reasonable basis for her termination

was provided nor does one exist.

32.     Other employees of Defendant, who are not regarded as disabled, or who have not requested an accommodation, have not been terminated.

33.     As a result, Plaintiff has been subjected to discrimination on the basis of being regarded as having a disability, in violation of the Americans with Disabilities Act.

34.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a.     a declaration that the acts and practices complained of herein are in violation of the Americans with Disabilities Act;

b.     enjoining and permanently restraining these violations of Americans with Disabilities Act;

c.     directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d.     compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e.     awarding Plaintiff the costs of this action together with reasonable attorney's fees, as

provided by the Americans with Disabilities Act;

      f.      trial by jury; and

      g.      such other relief as the court deems proper.

## <u>DEMAND FOR JURY TRIAL</u>

WHEREFORE, Plaintiff, STACY HENRY, submits this demand for jury trial for all issues

triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

Respectfully Submitted,

TERI GUTTMAN VALDES LLC
Counsel for Plaintiff
1501 Venera Avenue, Suite 300
Coral Gables, Florida 33146
Telephone: (305) 740-9600


By:    /s/Teri Guttman Valdes
        Teri Guttman Valdes
        Florida Bar No. 0010741